UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**SHIRLEY RAWLS**

2004 FEB 23  P 12: 43

VS.  CASE NO. 3:02CV01851 (SRU)

**NEW HAVEN BOARD OF
EDUCATION, ET AL**  FEBRUARY 19, 2004

## DEFENDANT STARLET WILDER'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1.  Paragraph 1 states a legal conclusion to which no response is required.

2.  As to paragraph 2, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

3.  Paragraph 3 is admitted.

4.  Admit that Defendant, Karen Wolff (hereinafter "Wolff") was at all relevant times herein an employee of the Board holding the position of "Facilitator" at the High School in the Community (hereinafter "HSC") and is a resident of the State of Connecticut and citizen of the United States. The remainder of the paragraph states a legal conclusion to which no response in required.

5.  Admit that Defendant, Starlet Wilder (hereinafter "Wilder") was at all relevant times herein an employee of the Board holding the position of Director of Personnel and Labor Relations and is a resident of the State of Connecticut and

citizen of the United States. The remainder of the paragraph states a legal conclusion to which no response in required.

6. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

7. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

8. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

9. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

10. Paragraph 10 states a legal conclusion to which no response is required.

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

14. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

15. As to paragraph 15, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the

allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

16. As to paragraph 16, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

17. As to paragraph 17, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

18. As to paragraph 18, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. As to paragraph 21, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. As to paragraph 26, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

27. As to paragraph 27, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

28. As to paragraph 28, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

29. Admit that a Doctor's note was provided to the defendants stating that the plaintiff was seen on January 9 and should be off work for 5-10 working days. As to the remainder of paragraph 29, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

30. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

31. Deny that on or about January 19, 2001, plaintiff returned to work and on that date received from Wolff a performance appraisal/written reprimand

dated January 22, 2001. Admit that a memo dated January 22, 2001, was given to the plaintiff regarding work-related issues.

32. Admit that the memo dated January 22, 2001, advised the plaintiff that she would return to her desk in front of Bob's office.

33. As to paragraph 33, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

34. As to paragraph 34, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

35. This defendant, Wilder does not respond to this paragraph, as such request was not directed to her.

36. Admit that the plaintiff worked for two days during this time period that being January 22 and 23, 2001. As the remainder of paragraph 28, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

37. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

38. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

39	This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

40.	Paragraph 40 is admitted.

41.	As to paragraph 41, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

42.	This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

43.	This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

44.	Admit that a letter was sent to the plaintiff from Defendant Wilder, Director of Personnel and Labor Relations directing her to attend a hearing on February 27, 2001 to discuss her job performance. As to when the plaintiff received the letter, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations and, therefore, leave the plaintiff to her proof.

45.	This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

46.	This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

47.	This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

48. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

49. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

50. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

51. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

52. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

53. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

54. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

55. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

56. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

57. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

58 This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. As to paragraph 62, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

63. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

64. Paragraph 64 is admitted.

65. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

66. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

67. Admit that the plaintiff was upset. Deny that she was in an obvious state of distress in that she was weeping throughout the meeting.

68. Admit that the plaintiff began crying during the course of the meeting.

69. As to the allegation that the plaintiff was uncomfortable with her emotional display, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof. Admit that the plaintiff positioned herself with her back to all parties to the meeting.

70. As to paragraph 70, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

71. Paragraph 71 is admitted.

72. Admit that plaintiff's request to return to a private office was denied. Denied that the plaintiff's request for a reasonable accommodation was denied. Admit that upon the plaintiff's request, she was placed on medical leave in accordance with the Family Medical Leave Act, deny that it occurred during the course of this meeting.

73. Admit that the Defendant, Lewis did not discuss the accommodations sought by the plaintiff with defendant Wilder.

74. Paragraph 74 is admitted.

75. As to paragraph 75, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

76. Paragraph 76 is admitted.

77. Paragraph 77 is admitted.

78. As to paragraph 78, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

79. As to paragraph 79, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

80. Paragraph 80 is admitted.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

**Count One**

83. Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 83 of the First Count, as if fully set forth herein.

84. Paragraph 84 is denied.

85. Paragraph 85 is denied.

86. This defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

87. As to paragraph 87, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

**Count Two**

This defendant, Wilder does not respond to this count, as it does not pertain to her.

**Count Three**

94. Paragraphs 1 through 8 are hereby incorporated by reference and made paragraph 94 of Count Three, as if fully set forth herein.

95. Paragraph 95 is denied.

96. Admit that the plaintiff was placed on leave in accordance with the Family Medical and Leave Act after she submitted the appropriate paperwork. Deny the she was forced or coerced in submitting the paperwork.

97. Paragraph 97 is denied.

98. As to paragraph 98, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

99. Paragraph 99 is denied.

100. Defendant Wilder admits that no corrective action was taken against her but denies that any corrective measures were needed to be taken against her.

101. Defendant Wilder denies that her conduct was unlawful. As to the remainder of paragraph 101, this defendant, Wilder does not respond to this paragraph, as it does not pertain to her.

102. Deny as to the portion of the paragraph that alleges that the conduct of defendant Wilder was wrongful. As to the remainder paragraph 102, the defendant lacks sufficient knowledge and/or information upon which to form a

belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

103.  As to paragraph 103, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

104.  As to paragraph 104, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

105.  Paragraph 105 is denied.

### Count Four

106.  Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 106 of Count Four, as if fully set forth herein.

107.  Paragraph 107 is denied as to defendant Wilder.

108.  Paragraph 108 is denied as to defendant Wilder.

109.  As to paragraph 109, the defendant Wilder lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

110.  As to paragraph 110, the defendant Wilder lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity

of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

111.    Deny as to any alleged wrongful conduct. As to the remainder of paragraph 111, the defendant Wilder lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

**Count Five**

112.    Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 112 of Count Five, as if fully set forth herein.

113.    Paragraph 113 is denied as to defendant Wilder.

114.    Paragraph 114 is denied as to defendant Wilder.

115.    Deny as to any alleged wrongful conduct. As to the remainder of paragraph 115, the defendant Wilder lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

116.    As to paragraph 116, the defendant Wilder lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

117.    Deny as to any alleged wrongful conduct. As to the remainder of paragraph 115, the defendant Wolff lacks sufficient knowledge and/or information

upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

**Count Six**

This defendant, Wilder does not respond to this count, as it does not pertain to her.

**Count Seven**

This defendant, Wilder does not respond to this count, as it does not pertain to her.

**Count Eight**

This defendant, Wilder does not respond to this count, as it does not pertain to her.

**Count Nine**

This defendant, Wilder does not respond to this count, as it does not pertain to her.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSES

The complaint fails to state a claim upon which relief can be granted as the complaint fails to allege that a reasonable accommodation was requested by the plaintiff in accordance with the Americans with Disabilities Act.

### THIRD AFFIRMATIVE DEFENSES

The court lacks subject matter jurisdiction over this complaint as the plaintiff has failed to allege facts sufficient to invoke the jurisdiction as allowed by the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

1. At all relevant times, the defendant, Wilder was a government employee whose actions were discretionary, and:

(a) the defendant's actions did not violate any of the plaintiff's clearly established rights under the Constitutions and laws of either the United States or the State of Connecticut; or

(b) it was objectively reasonable for the defendant to believe that his actions were lawful.

2. The defendant is entitled to qualified immunity from suit for the actions alleged.

## FIFTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the plaintiff's claims of alleged violations of the constitution and laws of the State of Connecticut or, in the alternative, should decline to exercise jurisdiction over those claims.

THE DEFENDANT,
CITY OF NEW HAVEN

By _____
Audrey C. Kramer
Assistant Corporation Counsel
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone (203) 946-7968
Federal Bar No. CT14520

## CERTIFICATION

THIS IS TO CERTIFY that on February 19, 2004, the foregoing was mailed postage prepaid to counsel for the plaintiff:

Michael W. Mackniak, Esq.
87 Meadow Street
Naugatuck, CT 06770

J. William Gagne, Jr., Esq.
Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D017\P002\00000859.DOC