UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

**SHIRLEY RAWLS**

2004 FEB 23  P 12: 43

VS.                                   CASE NO. 3:02CV01851 (SRU)

**NEW HAVEN BOARD OF
EDUCATION, ET AL**                    FEBRUARY 19, 2004

## DEFENDANT KAREN WOLFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1.  Paragraph 1 states a legal conclusion to which no response is required.

2.  As to paragraph 2, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

3.  This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

4.  Admit that Defendant, Karen Wolff (hereinafter "Wolff") was at all relevant times herein an employee of the Board holding the position of "Facilitator" at the High School in the Community (hereinafter "HSC") and is a resident of the State of Connecticut and citizen of the United States. The remainder of the paragraph states a legal conclusion to which no response in required.

5.  This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

6.  This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

7.  This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

8   This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

9.  This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

10. Paragraph 10 states a legal conclusion to which no response is required.

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

14. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

15. As to paragraph 15, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

16. As to paragraph 16, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

17. As to paragraph 17, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

18. As to paragraph 18, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

19. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

20. Paragraph 20 is admitted.

21. As to paragraph 21, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

22. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. As to paragraph 26, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

27. As to paragraph 27, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

28. As to paragraph 28, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

29. Admit that a Doctor's note was provided to the defendants stating that the plaintiff was seen on January 9 and should be off work for 5-10 working days. As to the remainder of paragraph 29, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

30. Admit that Defendant contacted the plaintiff twice while she was on sick leave regarding work that was performed or needed to be performed.

31. Deny that on or about January 19, 2001, plaintiff returned to work and on that date received from Wolff a performance appraisal/written reprimand

dated January 22, 2001. Admit that a memo dated January 22, 2001, was given to the plaintiff regarding work-related issues.

32.  Admit that the memo dated January 22, 2001, advised the plaintiff that she would return to her desk in front of Bob's office.

33.  As to paragraph 33, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

34.  As to paragraph 34, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

35.  Admit that the plaintiff requested to return to her desk in a private office. Deny that it was requested as a reasonable accommodation.

36.  Admit that the plaintiff worked for two days during this time period that being January 22 and 23, 2001. As the remainder of paragraph 28, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

37.  Admit that plaintiff had directed oral requests to Wolff that she permitted to continue working in a private office, to which she had been assigned at the commencement of the school year. Deny that the granting of such request would have permitted the plaintiff to fulfill her duties as a Clerk Typist I.

38. Deny that characterization of the interaction between Wolff and the plaintiff as confrontations. As to the remainder of paragraph 38, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

39. Deny as to the allegation that a meeting was requested with Wolff. As to remainder of paragraph 39, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

40. Paragraph 40 is admitted.

41. As to paragraph 41, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

42. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

43. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

44. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

45. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

46. Admit that plaintiff requested to be placed in the private office which she had been assigned at the commencement of the school year. Deny that the request was made as an accommodation for a disability. Also deny, that Wolff told the plaintiff to "pack it in."

47. Deny that characterization of the interaction between Wolff and the plaintiff as confrontations. As to remainder of paragraph 47, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

48. Deny a confrontation occurred between Wolff and the plaintiff on February 26, 2001. As to remainder of paragraph 48, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

49. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

50. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

51. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

52. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

53. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

54. Deny a confrontation occurred between Wolff and the plaintiff on February 26, 2001. As to remainder of paragraph 54, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

55. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

56. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

57. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

58. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

59. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

60. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

61. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

62. As to paragraph 62, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the

allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

63. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

64. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

65. As to paragraph 65, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

66. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

67. Admit that the plaintiff was upset. Deny that she was in an obvious state of distress in that she was weeping throughout the meeting.

68. Admit that the plaintiff began crying during the course of the meeting.

69. As to the allegation that the plaintiff was uncomfortable with her emotional display, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof. Admit that the plaintiff positioned herself with her back to all parties to the meeting.

70. As to paragraph 70, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the

allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

71. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

72. Admit that plaintiff's request to return to a private office was denied. Denied that the plaintiff's request for a reasonable accommodation was denied. Admit that upon the plaintiff's request, she was placed on medical leave in accordance with the Family Medical Leave Act, deny that it occurred during the course of this meeting.

73. Admit that the Defendant, Lewis did not discuss the accommodations sought by the plaintiff with this defendant.

74. Paragraph 74 is admitted.

75. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

76. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

77. Paragraph 77 is admitted.

78. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

79. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

80. This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

81.  This defendant, Wolff does not respond to this paragraph, as it does not pertain to her.

82.  Paragraph 82 is denied.

### Count One

This defendant, Wolff does not respond to this count, as it does not pertain to her.

### Count Two

This defendant, Wolff does not respond to this count, as it does not pertain to her.

### Count Three

This defendant, Wolff does not respond to this count, as it does not pertain to her.

### Count Four

106.  Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 106 of Count Four, as if fully set forth herein.

107.  Paragraph 107 is denied as to defendant Wolff.

108.  Paragraph 108 is denied as to defendant Wolff.

109.  Denied as to any alleged wrongful conduct. As to the remainder of paragraph 109, the defendant Wolff lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

110.  As to paragraph 110, the defendant Wolff lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity

of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

111.    Denied as to any alleged wrongful conduct. As to the remainder of paragraph 111, the defendant Wolff lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

**Count Five**

112.    Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 112 of Count Five, as if fully set forth herein.

113.    Paragraph 113 is denied as to defendant Wolff.

114.    Paragraph 114 is denied as to defendants Wolff.

115.    Deny as to any alleged wrongful conduct. As to the remainder of paragraph 115, the defendant Wolff lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

116.    As to paragraph 116, the defendant Wolff lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

117.    Deny as to any alleged wrongful conduct. As to the remainder of paragraph 117, the defendant Wolff lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

**Count Six**

This defendant, Wolff does not respond to this count, as it does not pertain to her.

**Count Seven**

This defendant, Wolff does not respond to this count, as it does not pertain to her.

**Count Eight**

This defendant, Wolff does not respond to this count, as it does not pertain to her.

**Count Nine**

This defendant, Wolff does not respond to this count, as it does not pertain to her.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted as the complaint fails to allege that a reasonable accommodation was requested by the plaintiff in accordance with the Americans with Disabilities Act.

### THIRD AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over this complaint as the plaintiff has failed to allege facts sufficient to invoke the jurisdiction as allowed by the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

1. At all relevant times, the defendant, Wolff was a government employee whose actions were discretionary, and:

   (a) the defendant's actions did not violate any of the plaintiff's clearly established rights under the Constitutions and laws of either the United States or the State of Connecticut; or

(b) it was objectively reasonable for the defendant to believe that her actions were lawful.

2. The defendant is entitled to qualified immunity from suit for the actions alleged.

## FIFTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the plaintiff's claims of alleged violations of the constitution and laws of the State of Connecticut or, in the alternative, should decline to exercise jurisdiction over those claims.

## SIXTH AFFIRMATIVE DEFENSE

The defendant asserts her common law and statutory immunities from liability for the actions alleged to have violated the laws of the State of Connecticut.

THE DEFENDANT,
CITY OF NEW HAVEN

By _____
Audrey C. Kramer
Assistant Corporation Counsel
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
Telephone (203) 946-7968
Federal Bar No. CT14520

## **CERTIFICATION**

THIS IS TO CERTIFY that on February 19, 2004, the foregoing was mailed postage prepaid to counsel for the plaintiff:

Michael W. Mackniak, Esq.
87 Meadow Street
Naugatuck, CT 06770

J. William Gagne, Jr., Esq.
Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D017\P002\00000854.DOC

16