UNITED STATES DISTRICT COURT    FILED
DISTRICT OF CONNECTICUT

**SHIRLEY RAWLS**                                    2004 FEB 23  P 12: 43

**VS.**                                      **CASE NO. 3:02CV01851 (SRU)**

**NEW HAVEN BOARD OF**
**EDUCATION, ET AL**                         **FEBRUARY 19, 2004**

<u>**DEFENDANT BOARD OF EDUCATION'S ANSWER**</u>
<u>**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

1.      Paragraph 1 states a legal conclusion to which no response is required.

2.      As to paragraph 2, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leaves the plaintiff to her proof.

3.      Paragraph 3 is admitted.

4.      Admit that Defendant, Karen Wolff (hereinafter "Wolff") was at all relevant times herein an employee of the Board holding the position of "Facilitator" at the High School in the Community (hereinafter "HSC") and is a resident of the State of Connecticut and citizen of the United States. The remainder of the paragraph states a legal conclusion to which no response in required.

5.      Admit that Defendant, Starlet Wilder (hereinafter "Wilder") was at all relevant times herein an employee of the Board holding the position of Director of Personnel and Labor Relations and is a resident of the State of Connecticut and

citizen of the United States. The remainder of the paragraph states a legal conclusion to which no response in required.

6. This defendant, New Haven Board of Education (hereinafter "Board") does not respond to this paragraph, as it does not pertain to it.

7. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

8. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

9. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

10. Paragraph 10 states a legal conclusion to which no response is required.

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. Paragraph 13 is denied.

14. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

15. As to paragraph 15, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

16. As to paragraph 16, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

17. As to paragraph 17, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

18. As to paragraph 18, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. As to paragraph 21, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. As to paragraph 26, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the

allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

27.    As to paragraph 27, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

28.    As to paragraph 28, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

29.    Admit that a Doctor's note was provided to the defendant stating that the plaintiff was seen on January 9 and should be off work for 5-10 working days. As to the remainder of paragraph 29, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

30.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

31.    Deny that on or about January 19, 2001, plaintiff returned to work and on that date received from Wolff a performance appraisal/written reprimand dated January 22, 2001. Admit that a memo dated January 22, 2001, was given to the plaintiff regarding work-related issues.

32.    Admit that the memo dated January 22, 2001, advised the plaintiff that she would return to her desk in front of Bob's office.

33.    As to paragraph 33, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

34.    As to paragraph 34, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

35.    Admit that the plaintiff requested to return to her desk in a private office.  Deny that it was requested as a reasonable accommodation.

36.    Admit that the plaintiff worked for two days during this time period that being January 22 and 23, 2001.  As the remainder of paragraph 28, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

37.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

38.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

39.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

40.  Paragraph 40 is admitted.

41. As to paragraph 41, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

42.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

43.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

44.    Admit that a letter was sent to the plaintiff from Defendant Wilder, Director of Personnel and Labor Relations directing her to attend a hearing on February 27, 2001 to discuss her job performance. As to when the plaintiff received the letter, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations and, therefore, leave the plaintiff to her proof.

45. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

46.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

47.  This defendant, Board does not respond to this paragraph, as it does not pertain to it.

48.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

49.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

50.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

51.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

52.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

53.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

54. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

55.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

56.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

57.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

58.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

59.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

60.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

61. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

62.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

63.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

64.    Paragraph 64 is admitted.

65.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

66.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

67.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

68.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

69.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

70.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

71. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

72. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

73. Admit that the Defendant, Lewis did not discuss the accommodations sought by the plaintiff with the defendant, Board.

74. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

75. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

76. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

77. Paragraph 77 is admitted.

78. This defendant, Board does not respond to this paragraph, as it does not pertain to it.

79. As to paragraph 79, the defendants lack sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

80. Paragraph 80 is admitted.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

## Count One

83.    Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 83 of the First Count, as if fully set forth herein.

84.    Paragraph 84 is denied.

85.    This defendant, Board does not respond to this paragraph, as it does not pertain to it.

86.    Defendant, Board denies that any corrective action needed to be taken as there was no intention to violate plaintiff's first amendment right to free association.

87.    As to paragraph 87, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

## Count Two

88.    Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 88 of Count Two, as if fully set forth herein.

89.    Paragraph 89 is denied.

90.    Defendant denies that the Board's conduct was wrongful. As to the remainder of paragraph 90, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

91.    As to paragraph 91, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

92.    As to paragraph 92, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

93.    Paragraph 93 is denied.

**Count Three**

94.    Paragraphs 1 through 8 are hereby incorporated by reference and made paragraph 94 of Count Three, as if fully set forth herein.

95.    Paragraph 95 is denied.

96.    Admit that the plaintiff was placed on leave in accordance with the Family Medical and Leave Act after she submitted the appropriate paperwork. Deny the she was forced or coerced in submitting the paperwork.

97.    Paragraph 97 is denied.

98.    As to paragraph 98, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

99.    Paragraph 99 is denied.

100.    Defendant Board denies that any corrective measures were needed to be taken against Defendant Wilder.

101.    Defendant Board denies that the conduct of Defendant Wilder was unlawful.

102.    Deny as to the portion of the paragraph that alleges that the conduct of defendants Wilder and Board were wrongful. As to the remainder paragraph 102, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

103.    As to paragraph 103, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

104.    As to paragraph 104, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

105.    Paragraph 105 is denied.

**Count Four**

This defendant, Board does not respond to this count, as it does not pertain to it.

## Count Five

This defendant, Board does not respond to this count, as it does not pertain to it.

## Count Six

This defendant, Board does not respond to this count, as it does not pertain to it.

## Count Seven

This defendant, Board does not respond to this count, as it does not pertain to it.

## Count Eight

This defendant, Board does not respond to this count, as it does not pertain to it.

## Count Nine

136. Paragraphs 1 through 82 are hereby incorporated by reference and made paragraph 136 of Count Nine, as if fully set forth herein.

137. Paragraph 137 is denied.

138. As to paragraph 138, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

139. As to paragraph 139, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the

13

allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

140.    As to paragraph 140, the defendant lacks sufficient knowledge and/or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, leave the plaintiff to her proof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted as the complaint fails to allege that a reasonable accommodation was requested by the plaintiff in accordance with the Americans with Disabilities Act.

### THIRD AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over this complaint as the plaintiff has failed to allege facts sufficient to invoke the jurisdiction as allowed by the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the plaintiff's claims of alleged violations of the constitution and laws of the State of Connecticut or, in the alternative, should decline to exercise jurisdiction over those claims.

## FIFTH AFFIRMATIVE DEFENSE

This defendant asserts its common law and statutory immunities from liability for the actions alleged to have violated the laws of the State of Connecticut.

THE DEFENDANT,
CITY OF NEW HAVEN

By_____
Audrey C. Kramer
Assistant Corporation Counsel
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
Telephone (203) 946-7968
Federal Bar No. CT14520

16

## **CERTIFICATION**

THIS IS TO CERTIFY that on February 19, 2004, the foregoing was

mailed postage prepaid  to counsel for the plaintiff:

Michael W. Mackniak, Esq.
87 Meadow Street
Naugatuck, CT  06770

J. William Gagne, Jr., Esq.
Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D013\P002\00000843.DOC

17